BOLT et al. v. STATE SAVINGS BANK OF MANCHESTER, IOWA.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 24, 1912.)

1. BILLS AND NOTES (§ 537*)—ACTIONS—EVIDENCE.

In an action on notes, where there was evidence of failure of consideration and false representations, evidence examined, and *held* to present a question for the jury whether plaintiff was an innocent purchaser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1894; Dec. Dig. § 537.*]

2. TRIAL (§ 139*)—TAKING CASE FROM JURY—SUFFICIENCY OF EVIDENCE.

Where there is any evidence, circumstantial or otherwise, fairly tending to support a material issue, it should be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

3. EVIDENCE (§ 590*)—INTERESTED WITNESSES—CREDIBILITY.

The court or jury is not bound to believe an interested witness, especially where there are circumstances casting suspicion on his testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. § 590.*]

4. EVIDENCE (§ 208*) — PLEADING ANOTHER ACTION—ADMISSIBILITY.

Allegations in a petition in another action are inadmissible in evidence against a person not a party to the other action.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 713–725; Dec. Dig. § 208.*]

5. EVIDENCE (§ 121*)—DECLARATIONS — RES GESTÆ.

The acts and declarations of a person at the time he presented a note for collection, concerning the ownership of the note, are admissible in an action on the note as a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338, 1117, 1119; Dec. Dig. § 121.*]

6. BILLS AND NOTES (§ 509*)—ACTIONS—EVIDENCE—ADMISSIBILITY.

Where the bona fides of a person suing on a note is disputed, evidence tending to show fraud and failure of consideration is admissible, although it would be irrelevant if the jury should find the plaintiff to be an innocent purchaser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1740–1745; Dec. Dig. § 509.*]

Appeal from District Court, Nolan County; Jas. L. Shepherd, Judge.

Action by the State Savings Bank of Manchester, Iowa, against R. K. Bolt, C. Voss, and others. From a judgment against all of the defendants except C. Voss on a directed verdict, they appeal. Reversed and remanded.

C. P. Woodruff and Woodruff & Sanders, all of Sweetwater, for appellants. Beall & Beall, of Sweetwater, for appellee.

CONNER, J. The State Savings Bank of Manchester, Iowa, instituted this suit against R. K. Bolt, C. Voss, and eight others to recover judgment for the principal and interest of two notes of a series of three and the interest due upon the third of the series. The notes bore the signatures of appellants, and were dated May 27, 1908, and in terms made payable to W. A. Lang & Co., or bearer, at Greeley, Delaware county, Iowa. Each note was for the sum of $866.65, and made payable, respectively, in one, two, and three years from its date, and bore interest at the rate of 8 per cent. per annum, payable annually. The notes sued upon were offered in evidence, indorsed by W. A. Lang

& Co. "without recourse." The defendant Voss answered that the notes as to him were forgeries. Appellant Bolt and the other defendants answered, among other things, that the notes had been given in payment for a certain stallion sold to them by W. A. Lang & Co.; that the stallion, in the particulars specified, wholly failed to be as represented, etc. These defendants further answered that the plaintiff bank was not the owner of the notes, but that they were the property of W. A. Lang & Co., or that, if the bank in fact owned the notes, they had been acquired after the maturity of the first, and that it had full knowledge of their vice and invalidity.

There was a trial before the jury, and after the introduction of the evidence the court gave the following charge: "Gentlemen of the jury, in this case, the indisputable facts show that plaintiff bank herein was an innocent purchaser of the notes in suit, and you will be governed by the law given you by the court. The law of this case is that plaintiff is entitled to recover of defendants except C. Voss, who has been dismissed from the suit. You will therefore return a verdict for plaintiff, and so say by your verdict." The verdict and judgment following are in accord with this instruction, and the material question presented on this appeal is whether the court erred in giving the peremptory instruction quoted.

[1] The evidence in behalf of the defendants undoubtedly tended to show the fraudulent representations and failure of consideration alleged, and on the issue of the plaintiff's ownership was substantially as follows:

L. Matthews, president of appellee bank, testified that he, in behalf of his bank, purchased the notes in controversy on the 19th day of September, 1908, and paid therefor the face value of the notes, less the amount of an indorsed credit of $66.65, and less 10 per cent.; that he was the only officer of the bank that had anything to do with the purchase, and that he never knew or had notice that W. A. Lang & Co., or any agent of theirs, had procured the notes through fraud by the sale of worthless stallions, or that the defendants had or claimed any defense to the notes; that with the notes were statements from the banks where the signers lived, which being believed the notes were purchased.

In behalf of the defendants, W. A. Sloane testified that for a number of years he had been employed in the capacity of assistant cashier of the Exchange Bank at Roscoe, in Nolan county, and that "along about the time" the first note was due a collector left the notes in the bank for a few days, with instructions to tell any of the signers who came to pay them that the notes were there; that nothing was paid upon the notes, and the collector afterwards came and got them; that at the time of the deposit of the notes in the bank he had no recollection of any indorsement thereon except the credit; that

he had no recollection of the indorsement, "without recourse, W. A. Lang & Co.," being thereon; that as assistant cashier he notified the parties by mail that the notes were there, but did not remember whether he stated it was from W. A. Lang & Co., or whether he said the note was "for the horse"; that, so far as he knew, it was a universal custom with banks to send collections to other banks by mail; that the person (afterwards shown to be L. O. Farber) depositing the notes did not at the time state that he was representing the State Savings Bank of Manchester, Iowa, or that the State Savings Bank was the owner; that he does not remember definitely the date of the deposit of the notes, but thinks it was a few days after the first note was due.

J. J. Parker, who was one of the signers of the notes, after testifying to the circumstances and representations made by the selling agent, Mr. Perrigo, leading up to the purchase of the horse, etc., further testified that in the latter part of June, or the first part of July, 1909, L. O. Farber approached him on the subject of the collection of the notes; that he, the witness, "asked him [Farber] the question if he was collecting these notes on the horse for W. A. Lang & Co., and he says he was. I asked him how long he had been collecting for W. A. Lang & Co., and he says ever since they had been in business, and he understood him to say eight or ten years"; that he did not inquire where the notes were at the time, but understood that they were in the bank at Roscoe; that he had never been informed by the State Savings Bank of Manchester, Iowa, that they held any interest in the notes, and had never demanded of him payment of the note that first fell due; that Farber made no statement about "any bank that he was collecting for," but told him that "he was collecting for W. A. Lang & Co."; that a few months after the execution of the notes he wrote to W. A. Lang & Co. concerning a failure on the part of the selling agent to comply with certain terms of the sale, and, having received no answer, within three or four weeks again wrote them about the same matter, and also then told them that the horse had proven to be diseased. No answer was received to this letter, and then, in the language of the witness, he wrote a third letter, "a pretty hot letter," which was answered; that he had not seen "L. O. Farber in Texas since he tried to collect these notes of W. A. Lang & Co.; that he had never seen him as a witness in this case at any time; that he had not seen Mr. Perrigo, or any member of W. A. Lang & Co., or any man who represented himself to be the agent of the State Savings Bank, in Texas, except the collector in the case.

J. P. Ratliff testified that he was one of the makers of the notes, and, among other things, that soon after the first note became due L. O. Farber phoned him from Roscoe

that he had come to settle the matter up; that he went to Roscoe and met Farber, who said he was there to collect the note; that he, the witness, declined to pay it, for the reason that the horse was diseased, and for other reasons not necessary to here state; that Farber, in the conversation between them, said nothing to him about the State Savings Bank of Manchester, Iowa; that he "just supposed that the note belonged to W. A. Lang & Co. There was nothing said about it; he was just collecting the note. He told me he had been with them eight or ten years." On cross-examination, this witness testified that he received a notice in regard to the note being due from the State Savings Bank of Manchester, Iowa, but that he thinks the notice was after the first note was due, "some time in July or August."

[2, 3] The rule is well established that if there is any evidence, circumstantial or otherwise, fairly tending to support a material issue it is the duty of the court to submit it to the jury, where a jury has been demanded (see Potter v. Wheat, 53 Tex. 401; McCormick v. Kampmann, 102 Tex. 215, 115 S. W. 24); and it seems clear to us that the evidence adverted to required the submission of the issue upon which the court, in his peremptory charge, decided the case in appellee's favor. The case of McCormick v. Kampman, above cited, and many others, including the case of Smith v. Milam, 143 S. W. 293, recently decided by this court, are to the effect that a jury or court is not bound to believe an interested witness, particularly in cases where there are circumstances casting suspicion upon the testimony. Here there was evidence tending to show that the bank purchased if at all, under the indorsement "without recourse" notes amounting to a considerable sum, executed by persons residing in a distant state, not shown to have been known to the officer purchasing the notes; that the presentation of the notes for payment was not in the usual course of bank collections; that when presented no claim was made that the bank was the owner. On the contrary, the collecting agent represented himself as the agent of W. A. Lang & Co.; that the cashier of the bank, and at least one of the makers to whom the notes had been exhibited, had no recollection of seeing the indorsement of W. A. Lang & Co. We think these were circumstances which the jury had the right to consider, together with all the other evidence, including that of a contrary tendency, in determining the vital issue upon which the case was made to depend. We conclude that the court erred in his peremptory instruction, and that the judgment should be reversed and the cause remanded.

[4] Appellee has presented numerous cross-assignments. As presented, we fail to see the admissibility or the relevancy of the petition in the suit filed by C. Voss against L.

O. Farber. Appellee was not a party to that suit, and as to it the recitations of the petition are inadmissible. We, hence, sustain appellee's twelfth cross-assignment; but we find no error in the remaining cross-assignments.

[5] The acts and declarations of L. O. Farber, at the time he presented the notes in controversy for collection, constituted a part of the res gestæ of the demand for payment; and the fact, if such was the fact, that he failed then to assert the ownership of the plaintiff was a mere circumstance that might be considered by the jury for whatever it was worth.

[6] The evidence of the declarations and representations of the selling agent, Perrigo, were relevant to the issue of fraud and failure of consideration pleaded by the defendants, and hence admissible in evidence on that issue, though, of course, as appellee insists, would not be binding upon the appellee bank in event it was found to be an innocent purchaser for value as it asserted, of which the court in appropriate instruction, would doubtless inform the jury.

Judgment reversed, and cause remanded.