CHICAGO, R. I. & G. RY. CO. v. ROGERS.

(Court of Civil Appeals of Texas. Amarillo. June 15, 1912. Rehearing Denied Oct. 12, 1912.)

1. APPEAL AND ERROR (§ 760*) — BRIEFS — REFERENCE TO RECORD.

While the court would be justified in refusing to consider an assignment of error to the denial of an instruction where appellant's brief, although setting out the charge, does not refer to the page of the transcript where it may be found, if but little time is required to find the charge in the transcript, and on inspection it appears to be correctly copied in the brief, it may be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. § 760.*]

2. APPEAL AND ERROR (§ 1032*)—BURDEN OF SHOWING ERROR.

An assignment of error to the denial of an instruction will be overruled where appellant's brief fails to show that it was not covered by the charge as given, or that any injury resulted to appellant from its denial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

3. APPEAL AND ERROR (§ 171*)—PRESENTATION OF GROUNDS OF REVIEW—NECESSITY OF PRESENTATION BELOW.

The question of whether the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), instead of the state law on the same

subject, governs in a particular case, will not be considered where it is raised for the first time in the appellant's brief on appeal; the trial having been had in accordance with the state law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069, 1161–1165; Dec. Dig. § 171.*]

4. MASTER AND SERVANT (§ 276*)—LIABILITY FOR INJURIES—STATUTORY PROVISIONS.

Testimony that the caboose on which a car repairer was working when injured came from "Liberal" for repairs, without anything to show where "Liberal" was located, was insufficient to show that the car repairer was engaged in interstate commerce, and that hence the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), instead of the state law, applied.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. § 276.*]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by H. D. Rogers against the Chicago, Rock Island & Gulf Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Moore & Powell, of Dalhart, and N. H. Lassiter and Robt. Harrison, both of Ft. Worth, for appellant. Tatum & Tatum, of Dalhart, for appellee.

GRAHAM, C. J. This is an appeal from a verdict and judgment rendered in the district court of Dallam county on September 8, 1911, in favor of appellee and against appellant, for the sum of $1,500, for alleged personal injuries sustained by appellee while in the service of appellant as safety appliance repairer. Appellee in his pleadings bases his right of recovery on allegations in effect that appellant, its servants, and employés were negligent in backing a string of cars against a caboose at the time and under the circumstances when appellee received the injuries, without in any way giving appellee warning, and in failing to use proper care to learn of appellee's position before backing said cars against said caboose, allegations being made that by the exercise of proper care his position could and would have been discovered; it being further alleged that at the time of receiving his injuries appellee was in the due performance of his duty as employé of appellant, under the direction of his foreman. Appellant answered by general demurrer, special exceptions, general denial, and especially pleaded contributory negligence and assumed risk, and also pleaded a violation of the rules of the company by appellee.

The pleadings are amply sufficient to support the evidence, which shows that at and for some time prior to the occasion of appellee receiving the injury complained of appellee was in the employ of appellant at Dalhart, Tex., as safety appliance repairer, it being his duty to repair all defects found in the safety appliance attachments on any and all cars, cabooses, and engines as early as possible after they reached appellant's yards in Dalhart; it being his duty to do such repairing while the cars, engines, or cabooses were on the tracks and in the trains when the repairing was slight, but to do heavy repairing after such cars, cabooses, or engines had been removed to a track kept for that purpose. On the occasion of appellee's injuries, a caboose was deadheaded into Dalhart for repairs to be made on one of its couplings, to the end that the coupling could be made without the brakeman going between the cars; it being necessary for the brakeman to go between the cars to couple the caboose in the condition in which it was when brought to Dalhart, the evidence showing that to use the caboose in the condition in which it was, made it dangerous for the brakemen to perform their duties. Soon after the caboose arrived in Dalhart, the car inspector and appellee discovered the defect in the coupler to the caboose, and appellee, as was his duty, under the direction of his foreman, proceeded to repair the coupler while the caboose was standing on the track where it had been left when it came into Dalhart, and while appellee was so engaged a string of other cars was backed against it by the switch crew, causing the injuries complained of by appellee. There is some conflict in the evidence on some of the foregoing issues, but there is testimony sufficient found in the statement of facts to sustain the conclusions above announced.

The case is submitted in this court by appellant on two assignments of error, each being based on the failure of the trial court to give a special charge as requested by appellant.

The first assignment of error is as follows: "The court erred in refusing to give defendant's special charge No. 1," and is based on the failure of the trial court to give the following special charge: "You are instructed that the plaintiff has failed to introduce evidence in this case sufficient to establish his cause of action, and you will therefore find for the defendant." The two propositions submitted under said assignment are as follows: (1) "The evidence fails to show negligence on the defendant's part proximately causing the injury, and the defendant was entitled to a peremptory instruction in its favor," (2) "The undisputed evidence shows that this injury resulted from a risk ordinarily incident to the plaintiff's employment and the defendant is not shown to be liable."

The second assignment is as follows: "The court erred in refusing to give defendant's special charge 1A," and it is based on the failure of the trial court to give the following special charge: "You are further instructed as a part of the law in this case that if you believe from the evidence that

plaintiff's alleged injury was the result of risks ordinarily incident to the service in which he was engaged as an employé of the defendant, or that it resulted to him from the risks that were known to him, or must have been necessarily known to him in the discharge of the duties of his service, your verdict will be for the defendant"—the only proposition submitted thereunder being as follows: "The evidence shows that the injury was the result of a risk ordinarily incident to the service in which the plaintiff was engaged and the defendant was entitled to the requested instruction."

[1] Appellee in his brief objects to our considering appellant's first assignment, on the ground that while the brief itself, under the statement, copies a purported special charge, there is no reference in the brief to the page of the transcript at which said special charge can be found, thus leaving the court to search therefor in the record as a means of verifying the correctness of the special charge as copied in the brief. We are inclined to the opinion, under the authorities, that we would be warranted in declining to consider this assignment for the reason stated, but in view of the fact that but little time of the court is required, from the index to the transcript, to find the special charge in the transcript, and on an inspection thereof we find the same correctly copied in the brief, we have concluded to consider the assignment and dispose of it upon its merits.

[2] As no complaint is made by appellant, either that the trial court affirmatively committed error in any portion of its charge as given, or that the trial court in the charge as given failed to cover every issue raised by the pleadings and the proof, and as appellant's brief wholly fails to even state that the issue sought to be submitted in the special charge, failure to give which is complained of under its second assignment of error, was not covered by the court in its charge as given, and, as no references are made in any portion of the brief tending to show that any injury was done appellant as a result of the failure of the trial court to give the special charge referred to under the second assignment, no injury is shown under said assignment and the same will therefore be overruled. Haley v. Davidson, 48 Tex. 615; Herring v. Herring, 51 S. W. 865. The two propositions submitted under the first assignment in different forms raises the question of the sufficiency of the evidence to sustain the judgment rendered, but, after a careful reading of the entire statement of facts, we have reached the conclusion that the evidence is sufficient to sustain a finding on each issue raised by the pleadings necessary to sustain the judgment rendered. We find evidence in the statement of facts sufficient to sustain a finding that the appellant, through its agents, employés, and servants, was guilty of negligence in one or more of the particulars complained of in appellee's pleadings; that said negligence resulted in the injuries complained of; that appellee was not guilty of contributory negligence proximately causing said injuries; and that appellee did not assume the risk of the negligent acts on the part of appellant, its agents, servants, and employés, which proximately caused the injury. In the absence of any complaint to the contrary properly brought before us, we must assume that the trial court properly charged the jury on all material issues raised by the pleading and evidence, and, as supporting the conclusion that the evidence was sufficient to support the judgment rendered, we will not quote at length from the statement of facts, but refer to a portion of appellee's testimony, which if believed by the jury, with other testimony found in the record, is sufficient to sustain the conclusions that appellant was guilty of negligence as charged in the petition, and that appellee was not guilty of contributory negligence, and that he did not assume the risk of the negligence of appellant which caused the injury complained of. Appellee in his own behalf, in substance, testified that Oliver (his foreman) never gave him any notice to look out for switching crews and to give the switching crews notice that he was working between the cars; that he never saw any printed rules to that effect, and he further testified that it was the duty of the switch crew to notify him when they were going to couple into cars on which appellee might be working; that, on the occasion in question, the switching crew failed to give such notice, and appellee had no reason to believe they would move the car he was working on without first giving him such notice, and he further testified, in substance, that it was his duty to do the repairing at the time, place, and manner in which he was attempting to do it when injured. For the reasons indicated, appellant's first assignment will be overruled.

[3] In the statement under the second proposition under the first assignment, as well as in the statement under the only proposition under the second assignment, appellant contends that the federal Employer's Liability Act, and not the state law on the same subject, controls the rights of the parties to this litigation, and in support of this contention we are cited to the case of Freeman v. Powell, 144 S. W. 1033. In that case the defendant expressly pleaded the federal statute as a defense, and there was an express agreement found in the statement of facts showing that the injured employé was engaged in the furtherance of interstate commerce at the time he received his injuries, while in this case there is no pleading raising such an issue, nor was the trial court's attention in any way called to the

fact that appellant in any way or to any extent, relied on, or sought to invoke the federal statute as a defense, the question being raised for the first time in appellant's brief on this appeal, and we therefore think that in view of the fact that the case was tried in accordance with the state law on the question, even if it could be held that under the evidence as a whole, a finding could be sustained that appellee was in any way engaged in interstate commerce at the time he received his injuries, appellant by pursuing the course it did on the trial of the cause, waived its right to urge such defense, and subjected itself wholly to the jurisdiction of the state court and its laws.

[4] We think, however, that the evidence as a whole is insufficient to sustain a finding that appellee was engaged in interstate commerce at the time the injuries complained of were received, in that, while there may be evidence found in the record sufficient to sustain a conclusion that the switch crew were engaged in interstate commerce at the time the injuries were inflicted as a result of their negligence, the only evidence we find in the record on which the contention that appellee was so engaged at the time he received his injuries is found in the evidence of S. H. Dellinger, appellant's car inspector at Dalhart, wherein he uses this language: "It is not my duty to repair cars. When I did work, I simply volunteered. When those cars that would come in there in bad order, I simply taken out a coupling and they were sent to the rip track. I do not know how many cars were in this train No. 91. It came from the East, Kansas City to New Mexico, comes from St. Louis, some from Chicago, and some from Kansas City. The caboose was in bad condition when it got into Dalhart. It was what they call a deadhead caboose. It came from Liberal to Dalhart for repairs." Even from the above quoted testimony, it will be noted that it is not shown, and as we think is not tended to be shown, that the caboose mentioned (it being the one on which appellee was working when he received his injuries) had come from another state or was going to another state, as the statement of facts fails to inform us where the "Liberal" mentioned therein is located.

Believing that no error has been pointed out warranting a reversal of the judgment rendered by the trial court, it becomes our duty to affirm that judgment, and it is so ordered.