### SPURLOCK et al. v. ZARING et al.
#### (No. 2432.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 25, 1925. On Motion for Rehearing March 10, 1925.)

**1. Bills and notes ⊕277—Failure of original consideration does not defeat liability of indorser.**

Payee of note *held* liable to his indorsee, notwithstanding jury's finding that original consideration had failed, rendering note void as against maker.

**2. Appeal and error ⊕882(3)—Party is irrevocably committed to his theories and facts presented below.**

Where defense of maker of note was fraud and failure of consideration and notice thereof, by indorsee doctrine of pari delicto is unavailable to payee as defense, where he tried case below on theory that no such defense existed, as party on appeal is irrevocably committed to theories and facts presented below.

**3. Bills and notes ⊕525—Evidence as to purchase at discount held not to support finding of notice.**

Evidence that indorsee purchased notes for $4,122, for $1,500, without any showing as to how many he purchased, or what, if any discount was made on particular note for $500, did not support finding of notice of failure of consideration for such note.

**4. Bills and notes ⊕337—Special issues on notice of infirmity held erroneous.**

In view of provision of Vernon's Ann. Civ. St. Supp. 1922, art. 6001—56, that actual knowledge of infirmity or knowledge of such facts that taking of instrument is bad faith constitutes notice, submission of special issues as to indorsee's knowledge of facts, which, if pursued with reasonable diligence, would have disclosed fraud and failure of consideration, *held* erroneous.

**5. Bills and notes ⊕337—Rules of notice in purchase of property generally do not apply to negotiable instruments.**

Ordinary rules of notice in purchase of property generally do not apply to negotiable instruments, and under Vernon's Ann. Civ. St. Supp. 1922, art. 6001—56, notice of facts from which indorsee could have suspected infirmity in note would not have made his purchase one in bad faith.

**6. Appeal and error ⊕1050(1)—Bills and notes ⊕509—Admission of evidence of amount received on notes purchased in group at discount held erroneous and prejudicial.**

In suit by indorsee of note against maker and payee, where it appeared that indorsee ac-

quired $4,122 worth of notes from payee, for $1,500, and where defense of maker was fraud and failure of consideration and notice by indorsee, admission of testimony that indorsee had collected $3,500 upon the notes purchased *held* erroneous and prejudicial.

**7. Evidence ⊕158(27)—Instrument is best evidence.**

The instrument itself is the best evidence of existence of a mortgage or written release.

Appeal from Potter County Court; Sam B. Motlow, Judge.

Suit by C. M. McCullough against C. M. Spurlock and M. H. Zaring. From a judgment that plaintiff recover of the first-named defendant, and that he take nothing from defendant Zaring, plaintiff and defendant Spurlock appeal. Reversed and remanded as to defendant Zaring, and affirmed as to Spurlock on rehearing.

E. O. Northcutt, of Amarillo, for appellant Spurlock.

F. A. Cooper, of Amarillo, for appellant McCullough.

Lumpkin & Trulove, of Amarillo, and Chas. Ingram, of Vega, for appellee Zaring.

HALL, C. J. On August 24, 1922, appellee Zaring executed his note in the sum of $500, payable to C. M. Spurlock, due 12 months after date. Before its maturity Spurlock, by blank indorsement, transferred the note to appellant McCullough. McCullough sued both Zaring and Spurlock to recover the principal, interest, and attorney's fees due upon the note.

Zaring answered, pleading failure of consideration, fraud, and misrepresentation by the payee and his agent, Wayburn, in procuring such note, and further alleged that there was an agreement at the time of its execution that it should be returned to him in the event a dividend upon certain oil royalties for which it was executed was not paid by October 1, 1922. He further alleged that McCullough was not an innocent purchaser of said note, but that he knew, or by the exercise of ordinary care, could have known, of the infirmity in the note prior to the time he acquired it.

Spurlock answered, alleging, in substance, that he had sold the note together with several others, aggregating in amount $4,122 to the plaintiff McCullough for the sum of $1,500; that by reason of his making such a large discount McCullough agreed to take his chances in the collection of said notes, and that he would not hold Spurlock upon his indorsement; that he requested Spurlock to indorse the notes without recourse, so that others would not question his right to collect them. The court sustained an exception to this part of the answer.

The case was submitted to a jury upon fourteen special issues, and resulted in a judgment that plaintiff recover of Spurlock, and that he take nothing as against the defendant Zaring. McCullough and Spurlock have both appealed.

[1] Spurlock does not urge any proposition based upon the court's action in sustaining the exception to that part of his answer which set up the parol contemporaneous agreement with McCullough limiting Spurlock's contract of indorsement. By his propositions he insists that, because the jury found that the original consideration for the note had failed, plaintiff was not entitled to recover against him. This proposition is not sound. The note was made payable to Spurlock, and by him indorsed in blank and sold to McCullough. The elements of a contract of indorsement are that the instrument itself is genuine; that the maker will pay it at maturity, and, if not paid by the maker, that he, the indorser, will pay it upon due and reasonable notice. The note may therefore be absolutely void as against Zaring, but a valid obligation on the part of Spurlock because of his implied guaranty.

[2] If the doctrine of pari delicto is available as a defense in this case, it cannot be taken advantage of by Spurlock. He did not plead any facts against McCullough upon which such a defense could be predicated, and, on the other hand, by his testimony, he denied that McCullough had any knowledge of the infirmity in the note. He tried the case below as against McCullough upon the theory that no such defense existed in his favor. On appeal a party is irrevocably committed to the theories and facts presented by him in the court below. Reisenberg v. Hankins (Tex. Civ. App.) 258 S. W. 904; Rogers v. Rogers (Tex. Civ. App.) 230 S. W. 489; C., R. I. & G. Ry. Co. v. Rogers (Tex. Civ. App.) 150 S. W. 281; G., C. & S. F. Ry. Co. v. Ramey (Tex. Civ. App.) 23 S. W. 442; Binder v. Millikin (Tex. Civ. App.) 201 S. W. 239.

The court did not err in submitting issue No. 1, based upon the appellee's plea of failure of consideration. The court correctly submitted special issues Nos. 2, 3, 4, 5, 6, 7, and 8, having special reference to the plea of failure of consideration, and of the fraud of Wayburn in the inception of the note. Bolt v. Bank (Tex. Civ. App.) 145 S. W. 707, 8 C. J. 1022, § 1338.

[3] In response to special issue No. 9 the jury found that McCullough knew at the time he purchased the note that the consideration for it had failed. The only testimony bearing upon that issue comes from McCullough and Spurlock. None of their evidence sustains the finding. If their evidence is excluded, then there is no testimony whatever upon which a jury might base a contrary finding. Starkey v. H. O. Wooten Grocery Co. (Tex. Civ. App.) 143 S. W. 692.

The tenth interrogatory is:

"If you have answered special issue No. 1 in the affirmative, then answer: Did the plaintiff McCullough have knowledge of such facts which, if pursued, he could have known that the consideration for said note had failed?"

This was answered in the affirmative.

In reply to subdivision (a) of special issue No. 11 the jury said that McCullough did not know at the time he purchased the note sued upon that the representations made by Wayburn to Zaring had caused the latter to execute the note, and in response to subdivision (b) the jury further said that from the information he had McCullough could have known of the representations made by Wayburn to Zaring prior to the time he purchased the note, if he had pursued the knowledge obtained with reasonable diligence.

[4] The submission of special issue No. 10 and subdivision (b) of special issue No. 11 is error. V. C. S. 1922, art. 6001—56 is:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

This article fixes the degree and character of notice which will affect the transferee of a negotiable note before maturity. He must have actual knowledge of the infirmity or knowledge of such facts which will amount to bad faith upon his part, if he afterwards purchases the instrument.

[5] Subdivision (c) of special issue No. 11 properly presented the issue of good or bad faith, but issue No. 10 and subdivision (b) of issue No. 11 should not have been given. McCullough may have had notice of facts from which he could have suspected that there was an infirmity in the note, and his purchase of the note would not have amounted to bad faith. The ordinary rules as to notice in the purchase of property generally do not apply to negotiable instruments. Hamilton-Turner Grocery Co. v. Hander (Tex. Civ. App.) 253 S. W. 833; First National Bank of Aubrey v. Chapman (Tex. Civ. App.) 164 S. W. 900; Daniel v. Spaeth (Tex. Civ. App.) 168 S. W. 509. According to the testimony of McCullough and Spurlock the only fact which tended to impeach the good faith of McCullough was the acquisition of $4,122 worth of notes for $1,500. We do not know how many notes McCullough purchased, and it does not appear from the record what discount, if any, he made upon the note in question. So far as the record shows, he may have paid full value for the note in suit and discounted the remainder of the notes only.

We think the court erred in admitting the letter from Zaring to the Midwest Company, asking for the return of his note, over the objection that it was self-serving.

[6, 7] Unless McCullough, in some way, could be connected with the issuance of the check for $1, it is not admissible in evidence. Testimony to the effect that McCullough had collected $3,500 upon the notes purchased from Spurlock was not only immaterial and irrelevant, but, we think, is prejudicial. If there was a mortgage against the land, the instrument itself was the best evidence of that fact, and the same is true of a written release.

For the error pointed out, the judgment is reversed, and the cause is remanded.

### On Motion for Rehearing.

In this motion McCullough insists that the judgment in his favor against Spurlock should be affirmed. This contention is sound, the motion is granted, and the former opinion reversing the judgment as between McCullough and Spurlock is hereby set aside, and as between them the judgment is in all things affirmed.