### BUTTERWORTH et al. v. FRANCE.
### No. 4114.

Court of Civil Appeals of Texas. Amarillo.
Dec. 13, 1933.

Bean, Duggan & Evans, of Lubbock, for appellants.

Carl E. Ratliff, of Levelland, for appellee.

HALL, Chief Justice.

The appellant Butterworth, joined by B. F. Peek, F. R. Todd, and Frank Silliway, doing business as partners under the firm name of John Deere Plow Company, sued appellee France for conversion of six bales of cotton alleged to belong to T. W. Latimer and upon which appellants claimed a chattel mortgage lien. The cotton is alleged to be of the value of $163.92.

Defendant's answer contains the allegation that: "*Through their authorized, O. L. Plyler, agent* gave the said T. W. Latimer the mortgagor the right to hire said cotton gathered and harvested and sell the same and pay the expenses of gathering out of said cotton." It is further alleged that the mortgagor harvested the crop, sold it, and paid the expenses as he had been authorized to do by plaintiffs' agent Plyler. That therefore the plaintiffs were estopped from recovering from him the value of the cotton.

The case was submitted to a jury upon two special issues, in response to which they found that Plyler authorized Latimer to sell the six bales of cotton upon which plaintiffs had a mortgage for the purpose of defraying the necessary expenses of harvesting and marketing the crop; that at the time said agreement was made Plyler had authority to make it. From a judgment against Butterworth and his partners, this appeal is prosecuted.

The first proposition is that because the uncontradicted evidence showed that Plyler did not have authority to authorize the mortgagor to sell the cotton and because it was not shown that any other agent of appellants authorized such sale and that the cotton was purchased by France for $132.12, the court erred in overruling appellants' request for an instructed verdict for said sum.

This proposition must be sustained. It is true that Latimer testified that Plyler, the collector for the John Deere Plow Company, authorized him to sell the cotton and pay the expenses. Latimer testified that he relied upon the fact that Plyler was collector for the John Deere Plow Company and sold the cotton like Plyler told him to. Plyler testified: "I do not have the authority from John Deere Plow Company to release a mortgage where the debt is not paid, nor do I have authority to let a debtor of John Deere Plow Company sell property mortgaged to the Company, clear of debt. I have never been instructed that I could do that. * * * I did not have authority from anyone to tell D. A. France, Knott or Latimer to sell the cotton grown by Mr. Latimer and upon which the Company had a mortgage. No one has ever told me that I could let a mortgagor sell mortgaged property and account to the company for the proceeds."

He testified that W. T. Davis of Dallas is the only man in Texas who had authority from the plow company to release a mortgage or contract. There is no contention on the part of appellee that any one except Plyler ever gave Latimer permission to sell the cotton. The duty rested upon appellee France to prove by a preponderance of the evidence that Plyler was empowered by the company to authorize Latimer to sell the cotton free of the mortgage. There is no testimony that France relied upon any act or word of the John Deere Plow Company in making the purchase, or that he was misled in any way by the company and induced by it to purchase the cotton. The record shows that the mortgage was duly registered, and he said that he did not examine the records to see whether the cotton was mortgaged. Without some affirmative act or statement from the company upon which France could rely, as giving Plyler apparent authority to authorize Latimer to sell the cotton, the issue of estoppel is not in the case.

As said in 2 Tex. Jur. 462, 463: "The mere authority to collect debts or to collect and distribute money does not imply authority to release the debtor without payment."

As said in Lane et al. v. Sullivan (Tex. Civ. App.) 286 S. W. 541, 542: "Where, however, the party purporting to act as agent has no authority in fact, and the principal is sought to be held on the ground of apparent authority, the doctrine of estoppel is invoked. The rule in such cases in this state is correctly stated in Cleveland & Sons v. Houston Sporting Goods Store (Tex. Civ. App.) 166 S. W. 912, and quoted with approval in J. I. Case Threshing Machine Co. v. Morgan (Tex. Civ. App.) 195 S. W. 922, 924, as follows: 'The doctrine of apparent authority to act as an agent is founded upon the law of estoppel, but in every case, in order to create an estoppel, the authority to act must be based upon

facts. * * * The doctrine * * * does not apply unless the person dealing with the * * * agent * * * was misled by * * * the representation or conduct of the * * * principal. He must have been actually misled, and induced to act to his prejudice, by reason of the principal's conduct; he having on his part exercised due diligence to ascertain the truth.' "

Since the appellee failed to discharge the burden resting upon him to prove the authority of Plyler to permit Latimer to sell the cotton and since there is no evidence of any such authority, the second finding of fact by the jury is without evidence to support it. Winter v. Morgan & Williams (Tex. Civ. App.) 256 S. W. 342; Kempner v. Huntsville State Bank (Tex. Civ. App.) 282 S. W. 325.

The appellee insists that the evidence of Plyler and the acts of appellants show that Plyler had from appellants all the authority necessary in making and completing collections for appellants, and in support of the contention quotes from Plyler's testimony as follows: "I told Latimer to go ahead and gather the cotton and gin it and to bring me the gin tickets and that I would pay the picking and ginning out of the proceeds of the cotton and apply the balance on his debt to the Company. The Company has never authorized me to sell cotton upon which they had a mortgage, but I take possession of property mortgaged to them sometimes and sell it and they never have turned me down upon it yet." This statement falls far short of proving that Plyler had authority to authorize Latimer to sell the cotton.

The case of Holmes v. Tyner, 179 S. W. 887, 888, is quoted by appellee in support of his contention; but it is not in point. There this court, speaking through Judge Huff, said: "Where the act by which it is sought to bind the principal was within the authority actually conferred by the principal either expressly or by implication, one contracting with the agent need not show that he had knowledge of such authority and acted on the faith of it, since under either form of authority the act of the agent is that of the principal."

In this case it has not been shown that the act of Plyler was within any authority actually conferred upon him by the company. In fact, he and Morton, the sales agent of the company, emphatically denied that he had any such authority. The jury could not refuse to believe this positive testimony and then, without any evidence whatever to the contrary, find against the testimony of Plyler and Morton.

As said by this court in Miller v. P. & S. F. Ry. Co., 35 S.W.(2d) 194, 201: "We recognize the rule that the jury are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, and that it is our duty to affirm a judgment if there is any evidence of probative force to sustain the verdict, but, before we can sustain a verdict and judgment, the evidence must amount to something more than mere inferences and guesses. It must be legally of some probative force. Mere detached statements of witnesses which may possibly furnish an argumentative basis are not controlling, nor do we understand that a jury is authorized to arbitrarily reject testimony, even of interested parties, that is unimpeached and is without suspicion, and then return a verdict contrary to such testimony where the evidence of said witnesses is uncontradicted as in this case."

As said in Grand Fraternity v. Melton, 102 Tex. 399, 117 S. W. 788, 789: "The jury were the judges of the weight of the evidence; but they could not lawfully deny proper weight to undisputed facts, with no suspicion cast upon them. If the jury had the power to discredit any and every witness, and to disregard any and all facts, their verdicts could not be set aside by the judge, nor reviewed by the appellate courts. Yet the law enjoins it upon the courts to set verdicts aside when contrary to the evidence or the law."

If the testimony of Plyler and Morton is eliminated, then there is no evidence either for or against the contention that Plyler was authorized to permit Latimer to dispose of the cotton without a payment of the indebtedness. Starkey et al. v. H. O. Wooten Grocery Co. (Tex. Civ. App.) 143 S. W. 692; Spurlock v. Zaring (Tex. Civ. App.) 270 S. W. 1099; Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276; Dallas Hotel Co. v. Newberg (Tex. Civ. App.) 246 S. W. 754.

The appellant insists that the judgment should be reversed and here rendered. This court is without authority to set aside a finding of a jury and substitute our own finding therefor. We therefore cannot render judgment for the appellant, since to do so involves a finding of fact contrary to the finding in the trial court. It appears that the case has not been fully developed, and because it is doubtful whether the pleading with reference to the issue of the authority of Plyler was sufficient, the proper disposition to be made of the case is to reverse the judgment and remand it for another trial.

Reversed and remanded.