## HIGHWAY MOTOR FREIGHT LINES et al. v. SLAUGHTER.

### No. 11759.

Court of Civil Appeals of Texas. Dallas.
April 20, 1935.

Rehearing Denied June 8, 1935.

534

D. A. Frank and W. P. Bondies, both of Dallas, for appellants.

Webb & Webb, of Sherman, for appellee.

LOONEY, Justice.

J. M. Slaughter sued the Highway Motor Freight Lines, the Commercial Standard Insurance Company, and the Lloyds American Insurance Company, domestic corporations. The Lloyds was dismissed; hence its connection with the suit will not be further noticed.

The action against the Highway Motor Freight Lines was for personal and property damages for injuries sustained in an automobile collision, and the Commercial Standard Insurance Company was joined by reason of its having issued a policy of insurance to the motor carrier under the provision of article 911b, § 13, Vernon's Ann. Civ. St. The defendants filed pleas of privilege to be sued in Dallas county; these pleas were controverted, plaintiff contending that venue as to the motor carrier was properly laid in Grayson county, under subdivision 23, art. 1995, R. S., and as to the insurance company, under article 911b, § 13, above mentioned. On hearing the pleas of privilege were overruled, from which defendants appealed. Since the perfection of the appeals, J. M. Slaughter died, and Martin Slaughter, having been appointed administrator of his estate, procured an order of the probate court, authorizing him to become the active appellee.

■ Defendants insist that the court erred in admitting in evidence, over their objection, plaintiff's controverting affidavits and original petition. The controverting affidavits referred to, and adopted as a part thereof, the original petition; hence this pleading constituted plaintiff's contest and formed the basis for the introduction of evidence as to the existence, whether or not, of the fact or facts relied upon to confer venue of the cause on the district court of Grayson county, but was not evidence of any such fact or facts. Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899, 900; American Fruit Growers v. Sutherland (Tex. Civ. App.) 50 S.W. (2d) 898, 900; Citizens' State Bank v. Alexander (Tex. Civ. App.) 274 S. W. 184, 185; Johnson v. Dallas, etc., Co., 120 Tex. 27, 34 S.W.(2d) 845, 848. We do not think the contesting affidavits or plaintiff's petition should have been admitted as evidence; as pleading, they were before the court without being introduced, and as the evidence adduced thereunder was sufficient to sustain the action of the court, the error in this respect was rendered harmless.

■ The court also admitted in evidence, over defendants' objection, a certificate by the Secretary of State, certifying from the records of his office that the Highway Motor Freight Lines was a domestic corporation chartered July 14, 1932, and had paid the franchise tax due by it up to April 1, 1934. Error is assigned on the action of the court in the respect mentioned, the contention being that the certificate was incompetent for any purpose, and should have been excluded. It is obvious that the certificate was offered to show that the motor carrier was a private corporation, within the meaning of subdivision 23 of article 1995, R. S., providing that "suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose. * * *"

We overrule this assignment. The certificate, in our opinion, was admissible under article 3722, R. S.. This statute provides that: "The Secretary of State [also other officers] shall furnish any person applying for same * * * with certificates under seal certifying to any fact contained in the papers, documents or records of their offices; and the same shall be received in evidence in all cases in which the originals would be evidence." The certificate evidenced the fact and date of the chartering of the motor carrier, and payment of the franchise tax up to April 1, 1934. Hence, as a matter of law, the corporation was in good standing.

But it is insisted that the court erred in overruling the motor carrier's plea of privilege, because no exception was proven, authorizing the maintenance of the suit in any county other than in Dallas county.

■ In determining the question of venue, the court was compelled to ascertain from plaintiff's petition the nature of his cause of action. In American Fruit Growers v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898, 900, Judge Smith, speaking for the San Antonio Court, said: "In most cases two elements are to be considered in determining venue, first the nature of the action, and second, the facts which fix the venue of suits of that nature in a particular county, or, as in some cases, counties." In rare instances, he said, the question of venue is determined as a matter of law from the nature of the action, and after giving a few illustrations, continued as follows: "The true rule is, as established by the overwhelming weight of

authority, that the plaintiff's petition is the 'best and all-sufficient evidence of the nature of an action' for the purpose of determining venue. For instance, the trial court may look alone to' the petition to determine if the action is for divorce, or upon fraud, or to recover real estate, or for an award under the Workmen's Compensation Law, or for libel and slander, and the like. Gulf Ref. Co. v. Lipscomb (Tex. Civ. App.) 41 S.W.(2d) 248; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Thompson v. Duncan (Tex. Civ. App.) 44 S.W.(2d) 508; Dees v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301."

Looking to the petition, we ascertain that plaintiff's cause of action against the motor carrier is to recover damages for personal and property injuries received in a collision between one of defendants' trucks and plaintiff's automobile' on a public highway in Grayson county, attributed to the negligent operation of the truck by an agent of defendant.

We are not concerned here with the ultimate issues, either as to liability, the extent of injuries sustained, or the resultant damages, except in so far as same may be germane to the question of venue under consideration; our concern at this juncture being simply to determine the court of proper venue, which when ascertained will determine the ultimate issues.

It is true that, uncontested, the sworn plea of privilege, in law, was prima facie evidence that no exception existed authorizing the maintenance of the suit in any county other than in Dallas; however, plaintiff's contest alleged facts which, if true, brought the case under exception 23, art. 1995, R. S., in that the suit is against a private corporation, and the cause of action is alleged to have arisen wholly in Grayson county, Tex., where the suit was filed and is now pending.

Assuming, but not deciding, that the sworn plea of privilege has the effect of putting in issue the corporate existence of the motor carrier, within the meaning of subdivision 7, art. 2010, R. S., yet that issue was successfully met by the facts certified to by the Secretary of State, showing the fact and date of its chartering; furthermore, it is undisputed that the collision between the motor carrier's truck and plaintiff's car, causing the injuries for which damages are sought—in other words, giving rise to plaintiff's cause of action—

occurred on a public highway in Grayson county.

But it is contended that the court erred in admitting, over objection, the testimony of plaintiff to a statement by the truck driver, made after the collision, to the effect that the Highway Motor Freight Lines was owner of the truck in question. After describing the collision, plaintiff said that, immediately after the occurrence, he emerged from his car and the driver from the truck and, at this juncture, in answer to a question, the driver said the truck belonged to the Highway Motor Freight Lines. We think the testimony was admissible as part of the res gestæ, and sufficient to show, at least prima facie, that the truck belonged to the motor carrier, and in connection with other facts and circumstances, sufficient to show the agency of the driver. Defendants' failure to combat this evidence is considered significant. See Bolt v. State Savings Bank (Tex. Civ. App.) 145 S. W. 707; St. Louis S. W. Ry. Co. v. Schuler (Tex. Civ. App.) 102 S. W. 783; Western Union Tel. Co. v. Brown (Tex. Civ. App.) 297 S. W. 267; 10 R. C. L. (subject Evidence) § 166, pp. 984; 985.

In Bolt v. Bank, supra, the court held that the acts and declarations of a person at the time he presented a note for collection, concerning its ownership, were admissible in an action on the note, as a part of the res gestæ. The general rule, supported by numerous authorities, stated in 10 R. C. L., supra, is that: "Declarations as to the ownership of property, made by a person in possession thereof, are admissible in evidence upon an issue as to such ownership as part of the rest gestae. This includes all declarations explaining and characterizing the possession, and showing in what capacity the declarant holds, whether as owner solely or jointly, or as the agent, tenant, or trustee of another, and the like, and when the possession or ownership of the property is under inquiry, such declarations are received as explanatory of the possession * * *." So, we think plaintiff successfully contested the motor carrier's plea of privilege, and that the court did not err in overruling the same.

Also, the insurance company insists that the court erred in overruling its plea of privilege, in that no exception to exclusive venue was established authorizing the suit against it in Grayson county.

The insurance company was joined because of its having issued a policy to the motor carrier, the contention of plaintiff being that, under article 911b, § 13, Vernon's Ann. Civ. St., the company became liable to any one injured or suffering damages by reason of the fault of the motor carrier; in other words, plaintiff claimed to be a beneficiary under the policy, and as such entitled to sue the insurance carrier jointly with the motor carrier.

Whether or not plaintiff's petition states a cause of action against the insurance company is a question for determination at the trial of the cause on its merits, and therefore is not now under consideration. In the case of Grasso v. Cannon Ball, etc., Lines, 81 S.W.(2d) 482, recently decided by Commission A, in an opinion by Judge Critz, approved by the Supreme Court April 3, 1935 (not yet reported [in State Reports]), section 13 of article 911b being under construction, the Commission held that an insurance company issuing a policy under said provision could not properly be joined as a defendant in an action against the motor carrier, and, furthermore, that no cause of action would arise against an insurance company in favor of an injured party until he had obtained judgment against the motor carrier. The holding of the Commission, denying the right to make the insurance company a party to a suit against the motor carrier, in effect, denies the existence, under that statute, of an exception to exclusive venue, and if that were the only exception presented by the pleadings and proof, we would be compelled to hold that the trial court erred in overruling the insurance company's plea of privilege. The case against the insurance company is based on a policy issued to the motor carrier, under which plaintiff claims to be a beneficiary, and as such seeks recovery of damages for personal and property injuries sustained within the terms of the policy. We think the case is within exception 28 of article 1995, in that it was alleged and proven that plaintiff, alleged beneficiary, resided in Grayson county, also that the loss occurred in that county. Exception 28 provides that: " * * * Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county * * * where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

Plaintiff based his contest of the insurance company's plea of privilege on the idea that the statute, article 911b, § 13, created an exception to exclusive venue authorizing the joinder of the insurance company in a suit against the motor carrier. This was denied by the recent decision of the Commission, although a number of the Courts of Civil Appeals had held in accordance with the contention of plaintiff. However, we do not think the judgment of the court should be disturbed, as the record reveals—that is, the pleading and proof show—that the venue of the court below can, and in our opinion should, be maintained under exception 28.

The insurance company also contends that the court erred in admitting in evidence, over objection, the certificate of the secretary of the Railroad Commission, certifying in effect that the records of the office show the filing by the defendant of a policy of insurance, covering the Highway Motor Freight Lines, effective October 19, 1933, and in full force and effect December 6, 1933, the date of the certificate; the contention of defendant being that the certificate was simply hearsay, and not the best evidence. We do not deem it necessary to rule on this assignment, because, as we view the question, whether or not the insurance company had issued its policy, as alleged, was a question for determination at the final trial of the cause on its merits, and was not in issue on the trial of the contest of the plea of privilege.

The nature of the case, as against each defendant, was revealed by the petition, and the only issues to be tried on the contest of the plea of privilege were those prescribed by statute; that is, as to the existence, whether or not, of the "fact or facts relied upon to confer venue of such cause on the court where the cause is pending" (article 2007, R. S.), nothing else was put in issue. As to the motor carrier being a private corporation, the inquiry determining the existence of an exception was whether the cause of action arose in Grayson county; as to the insurance company, the fact determining the existence of an exception was whether the beneficiary resided, or the loss occurred, in Grayson county.

In harmony with the views herein expressed, we affirm the judgment of the court below.

Affirmed.

### On Rehearing.

In disposing of the motion for rehearing by the Highway Motor Freight Lines, we do not deem it necessary to add anything to our original opinion. The position of the Commercial Standard Insurance Company on rehearing is revealed by the following excerpt from its motion, to wit: "It inevitably follows that Commercial Standard Insurance Company was unlawfully joined in the suit. No possible cause of action was stated against it. The court knows that suit could not be maintained against Commercial Standard Insurance Company in connection with plaintiff's cause of action against defendant, Highway Motor Freight Lines, and therefore, the plea of privilege of Commercial Standard Insurance Company should have been sustained."

We readily agree that, under the rule announced by the Supreme Court in Grasso v. Cannon Ball, etc., Lines, 81 S.W.(2d) 482, referred to in our original opinion, the Commercial Standard Insurance Company was improperly joined, and that the facts alleged present, as to it, simply a potential cause of action, but questions as to misjoinder and the sufficiency of the petition are not before us for consideration. The contention is made that, as the court knows the suit cannot be maintained against the Commercial Standard Insurance Company in connection with the Highway Motor Freight Lines, therefore the plea of privilege of the Commercial Standard Insurance Company should have been sustained. We do not think it follows by any means that, because the petition reveals a misjoinder and a potential rather than actual cause of action against the Commercial Standard Insurance Company, that its plea of privilege should have been sustained for either reason. We cannot anticipate and decide those questions on an appeal, from an order overruling the plea of privilege. The statute (article 2007) defines the issues to be tried on such a contest. The plea itself is a sweeping denial and prima facie proof of the nonexistence of any exception authorizing the maintenance of the suit in the county where same is pending. If contested, the issue framed relates to the existence, whether or not, of the fact or facts relied upon to confer venue; neither the merits of the case nor any other matter is primarily involved. Expressions may be found in cases to the effect that it is incumbent on a contestant to show a prima facie cause of action. Obviously this is true only in cases where, in order to establish the fact or facts relied upon to confer venue, it becomes necessary to delve into the merits of the case, as where venue is based on a contract in writing to perform in a particular county, such contract, being also the basis of the suit, must be introduced; also where both the cause of action and venue are based upon fraud, crime, offense, or trespass. We are of opinion that only in cases of the nature of those just mentioned can it be said that a contestant is required to make prima facie proof of his cause of action, and even then such proof is made, not that it is necessary on such hearing to show prima facie a cause of action, but owing to the nature of the case, the evidence that tends to establish the fact or facts relied upon to confer venue also tends to establish the cause of action.

In his contesting affidavit, plaintiff referred to and adopted the allegations of the original petition, which reveals the nature of the action against the Commercial Standard Insurance Company. In substance, plaintiff alleged that the insurance company issued its policy of liability insurance to the motor carrier, insuring against liability for damages, etc.; that such insurance was carried by the motor carrier, in obedience to the statutes of the state; and that all persons having a bona fide claim for injury or damage against the motor carrier were privies, having an interest in the insurance contract. Each defendant was sued as a private corporation and venue in Grayson county was claimed under subdivision 23 of article 1995, in that the cause of action arose in that county.

The nature of the cause of action, as revealed by the petition, was not in issue, nor was the exception under which venue was expressly based an issuable fact, being a matter of law plaintiff was not required to allege, but having done so, and erroneously based the claim of venue on a wrong exception, it did not preclude this court from considering exceptions applicable to the facts alleged and proven, and sustaining venue thereunder.

The case of American, etc., Co. v. McClendon, Chief Justice, et al. (Tex. Com. App.) 81 S.W.(2d) 493 (an original application for mandamus), is very similar on the facts to the case at bar, but we think

there exists a material variance in the question of law presented and discussed, and because of this differentiation do not regard that decision as an authority on the question we are now considering. In American, etc., Co. v. McClendon, supra, venue was claimed under subdivisions 4 and 29a of article 1995, in regard to which the Court of Civil Appeals said: "The first issue presented is whether appellant is, under subdivisions 4 and 29a of article 1995, Vernon's Ann. Civ. St., a proper or necessary party to appellee's suit. If so, the Caldwell county district court had jurisdiction over appellant. If not, appellant's plea should have been sustained. This in turn depends upon whether appellant's undertaking was a liability policy or merely an indemnity policy; that is, whether appellant was primarily liable for the damages sustained, or was liable only as indemnitor to repay to Merritt what he was compelled to pay out as such damages after final judgment against him." American Fidelity & Casualty Co. v. Newman (Tex. Civ. App.) 60 S.W.(2d) 482, 483. The judgment of the trial court, overruling the plea of privilege, having been affirmed by the Court of Civil Appeals, an original petition for mandamus·was filed by the insurance company in the Supreme Court against the Chief Justice and other members of the Court of Civil Appeals for the Third District, to compel respondents to certify to the Supreme Court whether or not the insurance company was a proper or necessary party to the action for damages by the passenger against the operator of the motorbus, insured; the question being determinable on the issue as to whether the policy of insurance declared upon was a contract to indemnify insured against loss, etc., as contradistinguished from a contract of direct liability to the injured person. The Supreme Court having determined, in Grasso v. Cannon Ball, etc., 81 S.W.(2d) 482, that such an insurance contract did not create a primary liability to the injured party, therefore in the mandamus proceedings the court held that the insurance company being neither a necessary nor a proper party to the suit by the injured passenger against the motorbus operator, that venue could not be maintained under either subdivision 4 or 29a of article 1995. No other question was certified or discussed, and if those were the only exceptions to exclusive venue applicable in the instant case, we would hold, as stated in our orig-inal opinion, "that the trial court· erred in overruling the Insurance Company's plea of privilege," but for reasons heretofore stated, we believe venue in Grayson county, as to the Commercial Standard Insurance Company, should be sustained under subdivision 28 of article 1995.

Since writing this opinion, we have received the advance sheet containing report of case of Farmers' Seed & Gin Co. v. Brooks (Tex. Com. App.) 81 S.W.(2d) 675, in which Judge Taylor, in an able and exhaustive opinion, approved by the Supreme Court, answering certified questions by the Eastland Court, announced the rule that fully vindicates our contention, holding that, under the statute providing that plaintiff, desiring to resist a plea of privilege, should file a controverting plea setting out the facts relied upon to confer venue on the court where case is pending, and that the issue of venue, not of liability, is raised when the controverting plea is filed.

Therefore, the request that the question of law involved be certified to the Supreme Court is denied, and appellants' motions for rehearing are overruled.

Overruled.