STEELMAN *v.* ATCHLEY.

Opinion delivered March 13, 1911.

1.  BANKS—EFFECT OF DEPOSIT.—By a general deposit a bank becomes the debtor of the depositor, and bound by an implied contract to repay same upon his demand or order. (Page 297.)

2.  SAME—RIGHTS OF DEPOSITOR.—Where a depositor in a bank owes the bank a sum of money, he is entitled to set off the amount of his deposit against the bank's demand. (Page 297.)

3.  RECEIVERS—EFFECT OF APPOINTMENT.—Receivers of insolvents are not regarded as purchasers for value without notice, but rather as personal representatives of the insolvents, and take their assets subject to setoffs, liens and incumbrances as they existed at the time of their appointment. (Page 297.)

4.  BANKS—INSOLVENCY—PREFERENCE.—A depositor in an insolvent bank is entitled to have his deposit set off against his paper that had not

matured at the time of the bank's insolvency, and such set-off will not operate as a preference within the insolvency act, Kirby's Digest, § 951. (Page 298.)

Appeal from Dallas Chancery Court; *John R. Thornton,* Special Chancellor; reversed.

### STATEMENT BY THE COURT.

Nathan Steelman alleged by way of intervention that he executed his note on the 5th day of April, 1908, to the Dallas County Bank for $200, and at the same time a mortgage to secure the payment thereof; that on the 15th day of July, 1909, he paid a sum on said note reducing the amount to $204.55, for which he executed a renewal note on July 15, 1909, and directed the paid note to be mailed to him, which was not done, and that the receiver of the bank is now holding both his notes; that the defendant bank closed its doors on about the 19th of February, 1910, on which date the intervener had on deposit in said bank the sum of $218.12; that the note for $204.55 with interest thereon to the said 19th day of February, 1910, amounted to the sum of $217.71, leaving a balance due him of 31 cents; prayed judgment for the surrender and cancellation of the old paid note, and that the sum of $218.12 be allowed him as a setoff as against said note executed in renewal thereof, and for judgment for 31 cents balance against said receiver and bank, etc.

The receiver answered, denying any knowledge of the execution of the note dated July 15, 1909, for $204.55 in renewal of the former note, and also that intervener had on deposit in the bank said sum of $218.12 as claimed by his statement; denied that he was entitled to any credits on said notes; denied on information that he was entitled to the credits on the notes as claimed and his right to judgment for 31 cents or any other amount.

The court found from the intervention, answer and oral evidence that Nathan Steelman on the 15th day of April, 1908, was indebted to the Dallas County Bank on his promissory note in the sum of $200 with 10 per cent. interest from date, which was secured by a deed of trust; that on the 15th day of July, 1909, he executed his promissory note payable to the order of said bank for the sum of $204.55 with interest, and secured same by deed

of trust; that said last note and deed of trust was executed and given to the bank in lieu of and full settlement of the first note and deed of trust dated April 5, 1908; that the note of July 15, 1909, for $204.55 is the property of the bank, due and unpaid and a valid claim of said bank against said intervener, and authorized the receiver to institute suit to enforce the payment of same within 90 days if it was not sooner paid; that on February 15, 1910, there was on deposit to the credit of said intervener, as shown by the receiver's statement, the sum of $43.95. The court further found that he had placed as general deposits in said bank the following amounts, not shown on said statement, towit:

Jan. 21, 1910..............................$ 10.00
Jan. 29, 1910............................ 15.00
Feb. 2, 1910............................ 38.75
Feb. 9, 1910............................ 10.00
Feb. 16, 1910............................ 100.40

amounting in all to the sum of...............$218.12
and that said sum so deposited immediately became the money of the bank and intervener a creditor of the bank by reason of said deposit; that said sum, placed on general deposit by said intervener constituted a part of the assets and property of the bank, was held by the receiver to be distributed *pro rata* towards the payment of the claims of the creditors of the bank; that said sum of $218.12 did not constitute a setoff in favor of intervener against said note executed by him on July 15, 1909, for the sum of $204.55. Further, the said Dallas County Bank is an insolvent corporation, and the court decreed that the note for $200, dated April 5, 1908, be surrendered or delivered to intervener, but denied intervener's prayer that the sum of $218.12, the amount of his deposits in said bank, be allowed him as a setoff against said note of July 15, 1909.

From this decree intervener appealed.

*Morton & Morton,* for appellant.

1. It was error to allow the setoff prayed in the interplea. 146 U. S. 499, 36 L. Ed. 1059; 34 Cyc. 195-6; 81 Conn. 636; 20 L. R. A. (N. S.), 863; 57 Minn. 87; 47 Am. St. 576; 98 *Id.* 111.

2. The relation of a bank and a depositor is that of debtor and creditor. 69 Ark. 47; 46 *Id.* 537. Choses in action pass to

a receiver subject to the equitable right of setoff then existing, so that a debtor of the insolvent who has such a right is not bound to pay what he owes and take his chances with the other creditors, but is only bound to pay the balance. 34 Cyc. 195, 196, and cases cited.

*McMillan & McMillan,* for appellee.

1. The deposits in the bank were *general* and not to pay off the note. Appellant was not entitled, *under our statutes,* to use the deposits as a setoff (Kirby's Digest, § § 949, 950, 951-2). A depositor is a creditor of the bank. 69 Ark. 47. Where money is deposited as a *general deposit,* it becomes the money of the bank, 46 Ark. 540; 48 *Id.* 267; 56 *Id.* 499. Appellant cannot be entitled to secure a greater proportion of his debt than other creditors. 64 Ark. 136. Sand. & H. Dig., § 1426, requires that where assets of a corporation are seized they shall be distributed equally among creditors after paying certain salaries, wages, etc. 96 Ark. 556; 76 Ark. 504; 68 *Id.* 389.

KIRBY, J., (after stating the facts). Did the court err in denying appellant the right to set off the amount of his deposit in said bank at the time of its failure against his said note held by the receiver of the insolvent bank? The bank became the debtor of appellant upon his general deposit of funds therein to the amount thereof, and bound by an implied contract to repay same upon his demand or order. *Carroll County Bank* v. *Rhodes,* 69 Ark. 47; *Himstedt* v. *German Bank,* 46 Ark. 537; *Warren* v. *Nix,* 97 Ark. 374.

He was the bank's debtor upon the note executed to it for the sum thereof, and the bank was his debtor for the sum of his deposits therein; and if a suit had been brought for the collection of his note before the bank's failure, there is no question but that he could have set off against such demand the amount of his said deposits due him by the bank. Kirby's Digest, § § 6098, 6101.

Did the appointment of a receiver deprive him of such right? We think not. Assignees and receivers of insolvents are not regarded as purchasers for value without notice, but rather as personal representatives of the insolvents and standing in their shoes so far as their assets are concerned, and take same subject to setoffs, liens and incumbrances as they existed at the time of their appointment. *Scott* v. *Armstrong,* 146 U. S. 499; *Nash-*

*ville Trust Co.* v. *Bank,* 91 Tenn. 336; *Green* v. *Conrad,* 114 Mo. 651.

"Choses in action pass to a receiver subject to the equitable right of setoff then existing, so that a debtor of the insolvent who has such a right is not bound to pay what he owes and take his chances with the other creditors, but is bound to pay only the balance." 34 Cyc. 195-6.

"Mutual claims that are due bank and depositor may be set off against each other. The bank's authority to do this is transmitted to the receiver, while the depositor's defenses are not impaired by the bank's insolvency." 2 Bolles, Banking, p. 854. See also *Scott* v. *Armstrong, supra; Booth* v. *Prete,* 81 Conn. 636, 20 L. R. A. (N. S.), 863 ; *St. Paul & Minnesota Trust Co.* v. *Leck,* 57 Minn. 87, 47 Am. St. Rep. 576 and note; *State* v. *Brobston,* 94 Ga. 95, 47 Am. St. Rep. 138; *Nix* v. *Ellis,* 118 Ga. 404, 98 Am. St. Rep. 111.

It is not shown in this case whether the appellant's note to the bank was due at the time of the insolvency or not, but this would not prevent his right to setoff.

"A depositor may have his deposit set off against paper that has not matured at the time of the bank's insolvency, whether State or National, because the deposit was due at the time of the assignment," etc. 2 Bolles on Banking, p. 858.

There is no question in this case but that the transaction was *bona fide,* the loan having been procured long before the bank's insolvency and secured by a deed of trust, and it could not in any event be regarded as having been obtained by appellant in contemplation of its insolvency. Under the doctrine of these cases and the right to setoff, the receiver of the insolvent bank was only entitled to collect from appellant the amount of his note to it after deducting the amount due by the bank to him on his general deposit at the time of the receiver's appointment; and since the amount due appellant from the bank exceeded the amount which was due from him to the bank at that time by 31 cents, he was entitled to a decree allowing his setoff in the sum claimed and for the said sum of 31 cents against the receiver. Such allowance of the setoff does not operate as a preference obtained by him within the meaning of the insolvency act. Sec. 951, Kirby's Digest.

The chancellor erred in denying intervener's right to the setoff, and the decree is reversed and the cause remanded with directions to enter a decree in accordance with this opinion.