### FORD v. SMITH. (No. 232.)

(Court of Civil Appeals of Texas. Waco. June 11, 1925.)

**1. Bills and notes ⬩146—Rights of parties under note executed after passage of uniform act governed by provisions thereof.**

Rights of parties to suit on note, executed after passage of Uniform Negotiable Instruments Act, are governed by provisions of such act.

**2. Bills and notes ⬩188 — Indorsement in blank and delivery constitute "negotiation" of note.**

Under Uniform Negotiable Instruments Act, § 30 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—30), where note was indorsed in blank and delivered by payee to another, such acts constitute negotiation thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negotiation.]

**3. Bills and notes ⬩348—Negotiation by blank indorsement and delivery prima facie before maturity, where not dated.**

Where indorsement in blank on note delivered by payee to another was without date, under Uniform Negotiable Instruments Act, § 45 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—45), such negotiation was prima facie before maturity.

**4. Bills and notes ⬩198—One in possession of note indorsed in blank is "holder" thereof.**

One in possession of note indorsed in blank is "holder" thereof, within meaning of Uniform Negotiable Instruments Act, § 191 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—191).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Holder.]

**5. Bills and notes ⬩497(5)—Mere verified plea charging fraud and failure of consideration not sufficient to shift burden to prima facie holder in due course suing thereon.**

In suit on note by prima facie holder thereof in due course under Uniform Negotiable Instruments Act, §§ 52, 57, 59 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—52, 6001—57, 6001—59), it was necessary for maker to show that payee acquired note by fraud alleged, and mere filing of verified plea, charging fraud and failure of consideration, was not sufficient to shift burden to plaintiff to make such proof.

**6. Bills and notes ⬩508—Note in hands of prima facie holder in due course and indorsement thereon by payee held admissible.**

In suit on note by prima facie holder thereof in due course, who acquired it by indorsement in blank and delivery from payee, genuineness of indorsement not being denied by maker, *held*, that such note was admissible and, under Rev.

St. art. 588, indorsement thereon was also admissible.

**7. Fraud ⬩12—Promises to be performed in future actionable.**

In view of Laws 1919, c. 43 (Vernon's Ann. Civ. St. Supp. 1922, art. 3973a), actionable fraud may be predicated on promises to be performed in future.

Appeal from Madison County Court; T. Ferguson, Judge.

Action by Mrs. Minnie Ford, as executrix of the estate of T. J. Ford, deceased, against W. H. Smith. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. H. Menefee, of Madisonville, for appellant.

M. L. Bennett, of Normangee, and J. L. Broadway, of Madisonville, for appellee.

GALLAGHER, C. J. Appellant, Mrs. Minnie Ford, in her capacity as executrix of the estate of T. J. Ford, deceased, brought this suit against W. H. Smith as maker to recover on a promissory note payable to G. Boykin and purporting to be indorsed by him in blank, which note she alleged was the property of the estate of her testator. Said note was dated May 10, 1920, due September 30, 1920, and was for the sum of $200, with interest and attorney's fees. She alleged that the payee in said note, for a valuable consideration paid by her testator, assigned said note to him before maturity, and that he was the owner of the same at the time of his death. Appellee pleaded that he was induced to execute and deliver said note by fraudulent representations and promises of the payee therein; that said representations were false; that said promises had never been performed; that he had never received anything of value for said note; and that the consideration for the same had wholly failed. Appellee also pleaded that appellant's testator, T. J. Ford, knew at the time he acquired said note that the consideration for which the same was given had failed, and that he was not an innocent purchaser of said note for value. Said pleading was duly verified.

Appellant offered said note in evidence. Appellee objected to the admission of the same in so far as such admission in evidence would prove the indorsement of the payee Boykin, because he had pleaded under oath that said note was executed without consideration, and that the consideration therefor had wholly failed, and because there was fraud perpetrated on appellee inducing the execution and delivery of said note. Appellee contended in connection with such objection that before said note with said indorsement thereon was admissible in evi-

dence it devolved upon appellant to prove by evidence that the transferee Ford was an innocent purchaser thereof for value, and that he had no notice of the alleged infirmity in the title of the payee to said note. The court sustained the objection, and refused to admit said note in evidence. Judgment was rendered for appellee, and the case is presented in this court by an appeal from such judgment.

[1–5] The transaction here under consideration arose after the passage of the Uniform Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197), and the rights of the parties to this suit are governed by the provisions thereof. Said act constitutes chapter 123 of the General Laws of Texas, 1919. According to the provisions of said act, the note involved in this case was negotiated when it was indorsed in blank and delivered by the payee to said Ford. Said act, § 30. There being no date to said indorsement, such negotiation was prima facie before maturity. Id., § 45. Appellant, being in the possession of said note, duly indorsed in blank, was a holder thereof within the meaning of said act. Id., § 191. The question in issue in this case is whether her testator, who acquired the note from the payee, was a holder in due course as defined in section 52 of said act. If so, appellant could enforce the payment of said note against appellee free from the defenses of fraud and failure of consideration so pleaded. Section 57. Appellant's testator was prima facie a holder in due course. To deprive appellant of the right to enforce said note as such holder for the benefit of the estate of her testator it was necessary for appellee to show that the title of Boykin, who negotiated the same, was defective; that is, that said payee acquired the same from appellee by the fraud alleged. Only when such fraud was shown by evidence would it devolve upon appellant to prove that her testator acquired said note for value before maturity and without notice of such fraud or failure of consideration. Id., § 59. The mere filing of a verified plea charging fraud and failure of consideration was not sufficient to shift the burden to appellant to make such proof. First Nat. Bank v. Wallace (N. D.) 196 N. W. 303, 305, 306, par. 3. The rule on this point seems to have been the same prior to the adoption of said act. We quote on this point from Prouty v. Musquiz, 94 Tex. 87, 91, 92, 58 S. W. 721, 722, as follows:

"To let in a defense by the maker against the assignee, the maker must first *prove* that there was fraud or illegality in the inception of the instrument, or show circumstances which raise a strong suspicion of fraud or illegality. When this is done, it will devolve upon the holder to show that he 'acquired the instrument bona fide for value in the usual course of business, while current, and under circumstances which create no presumption that he knew the facts which impeach its validity.'" (Italics ours.)

[6] The only objection to the introduction of the note was the admissibility of the indorsement thereon. The genuineness of such indorsement was not denied by appellee in his pleading. Such being the case, said note was admissible in evidence, and the indorsement thereon was also admissible under the express provisions of article 588 of the Revised Statutes. The court erred in excluding the same. See in addition to the authorities above cited the following: Jackes-Evans Mfg. Co. v. Goss (Tex. Civ. App.) 254 S. W. 320, 321; Smith v. Word (Tex. Civ. App.) 248 S. W. 734, 737 (top column 1); King v. Doane, 139 U. S. 166, 11 S. Ct. 465, 467, 35 L. Ed. 84; People's Nat. Bank v. Taylor, 17 Ariz. 215, 149 P. 763, 767 (top column 1); Wolford v. Martinez, 28 N. M. 622, 216 P. 499, 501. See extensive note to Stevens v. Barnes, 18 A. L. R. 10, 18 et seq.

[7] Appellant, by special exception, assailed appellee's pleading setting up fraud and failure of consideration. One of the principal grounds of complaint was that said plea set up promises to be performed in the future, and that the failure of consideration claimed was predicated on the failure to perform such promises. The Legislature of this state has declared what shall constitute actionable fraud in certain cases. Gen. Laws 1919, c. 43, p. 77. We quote from section 1 of said act as follows:

"Actionable fraud in this state with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. * * *" Vernon's Ann. Civ. St. Supp. 1922, art. 3973a.

Appellant's pleading set up a transaction coming within the provisions of said act. Since the case is to be reversed, any inadvertent omission in said pleading can be easily supplied by amendment thereof.

The judgment of the trial court is reversed, and the cause remanded.