**AUSTIN, State Commissioner of Banking v. WASAFF et al. (No. 186.)**

(Court of Civil Appeals of Texas. Eastland. April 16, 1926. Rehearing Denied May 28, 1926.)

**I. Banks and banking ⬳119, 134(1).**

Relation of bank and depositor is simply one of debtor and creditor, and bank may set off depositor's debt to it against his claim against bank.

**2. Banks and banking ⬳63½—Bank commissioner as receiver takes insolvent bank's estate and succeeds to all its rights at time of adjudication of insolvency.**

Bank commissioner, as receiver of insolvent bank, takes its estate as he finds it, and succeeds to all its rights at time of adjudication of insolvency.

**3. Banks and banking ⬳63½—Banking commissioner as receiver may apply deposit in discharge of depositor's overdue note for indebtedness to insolvent bank.**

Banking commissioner, as statutory receiver of insolvent bank, may apply deposit in discharge of depositor's overdue note in his possession for amount of depositor's indebtedness to bank.

**4. Banks and banking ⬳63½—Banking commissioner must use all legal means to collect indebtedness to defunct bank.**

Banking commissioner is statutory receiver and custodian of defunct bank's affairs and assets, and must use all legal means to enforce collection of ·indebtedness thereto in order to discharge bank's contracts and liabilities and thus aid guaranty fund in discharging guaranty deposit promise.

**5. Banks and banking· ⬳63½—Banking commissioner holding note of depositor in defunct bank to another such bank for use and benefit of guaranty fund has right and duty to collect it, apply offsets, and strike balance.**

Banking commissioner, holding note of depositor in defunct bank to another such bank for use and benefit of guaranty fund, has right and duty to collect it and, if fund is indebted to depositor under some other contract, to apply offsets and strike balance.

**6. Bills and notes ⬳211.**

Under Vernon's Ann. Civ. St. Supp. 1922, arts. 6001–33, 6001–34, 6001–191, note indorsed in blank by payee is payable to bearer and negotiable by delivery.

**7. Bills and notes ⬳524—Note indorsed in blank and in banking commissioner's possession is presumed property of defunct bank, with all rights of ownership unimpeached.**

Where note indorsed in blank is in banking commissioner's possession presumption is irresistible that it was property of defunct bank, of which he is receiver, with all rights of ownership unimpeached.

**8. Assignments ⬳4—Assignee of deposit already appropriated and credited on depositor's note by banking commissioner has no cause of action therefor.**

Assignee of deposit, appropriated by banking commissioner and credited on depositor's note to another bank before assignment, had no cause of action therefor; there being no fund to assign.

On Motion for Rehearing.

**9. Banks and banking ⬳63½—Banking commissioner's right to offset amount of depositor's note to one defunct bank against deposit in another held not abridged by absence of statutory authority (Rev. St. 1925, art. 449).**

Absence of statutory provision authorizing banking commissioner to offset amount of depositor's note to one defunct bank against his deposit in another does not abridge such right, in view of Rev. St. 1925, art. 449, giving state prior lien for benefit of depository guaranty fund on all assets of and liabilities to bank.

**10. Banks and banking ⬳63½—Depositor's note, to payment of which banking commissioner applied deposit, held admissible in action for amount of deposit.**

In action against banking commissioner for amount of deposit in defunct bank, where commissioner pleaded depositor's note to another such bank and evidence showed that he applied

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes .

deposit to payment thereof, note was admissible in evidence to show debt.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Sam K. Wasaff and another against Charles O. Austin, Commissioner of Banking of the State of Texas. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

W. J. Rogers, of San Antonio, for appellant.

Scott, Brelsford, McCarty & Brelsford, of Eastland, and Wasaff & Lyman, of Ranger, for appellees.

RIDGELL, J. This suit was brought by Sam K. Wasaff and M. T. Lyman against Chas. O. Austin, commissioner of banking of the state of Texas. It was alleged that about the 19th day of January, 1924, J. L. Chapman, who was then commissioner of banking, declared the First State Bank of Eastland, Tex., insolvent, and in his official capacity took charge of same; that, at the time the commissioner took charge of the bank, Peter G. Theous had a general, noninterest-bearing deposit amounting to $1,800.56, which was a checking account, unsecured and noninterest-bearing, and therefore secured by the depositors' guaranty fund of the state of Texas. It was also alleged that the commissioner of banking did not cause notice to be given calling all persons having claims against the insolvent bank to present them to the commissioner, as required by article 463 of the Revised Statutes, and making legal proof thereof within 90 days after the first published notice, and that Theous therefore was excused from making such proof; that on August 29, 1924, Theous, for a valuable consideration, executed an assignment in writing to appellee herein for $900 of the said deposit, and on same date, for a valuable consideration, said Theous executed an assignment in writing for $900 of said deposit to Jim George, and that by said assignments all rights in the fund and deposit were, therefore-owned by said Wasaff and George; that George subsequently assigned to appellee Wasaff his said interest, and the latter in turn assigned a one-half interest therein to appellee Lyman.

The appellees asked that their claim in the sum of $1,800 be adjudged and classified as noninterest-bearing deposit, payable out of the guaranty fund, and that they have judgment for the sum of $1,800 and for an order for the same to be paid out of said fund.

Appellant herein answered by general demurrer and general denial, and specially pleaded that he and his predecessor in office were the owners and holders of one promissory note in the sum of $2,100, signed by P. G. Theous and T. Stamos, dated February 9, 1921, due 30 days after date and payable to the Security State Bank & Trust Company of Eastland, Tex; that he and his predecessors in office have been the owners and holders of this note since August 3, 1921; that on January 29, 1924, after the closing of the First State Bank of Eastland, appellant and his predecessors in office credited P. Theous' note with the sum of $1,800.56, being the full amount payable to him out of the guaranty fund by reason of his being a noninterest-bearing and unsecured depositor in the First State Bank of Eastland, Tex.

Appellant alleged that, as the administrative office of the guaranty fund, it becomes his duty to pay out of the funds certain depositors of failed banks, and likewise to take over the assets of said banks on which the guaranty fund has a statutory lien and liquidate them for the benefit of the fund; that as such officer he held the note of Theous for $2,100 for which the guaranty fund had paid full value; that as the guaranty fund became indebted to Theous for $1,800.56, it was his duty and right to apply the said deposit to the payment of Theous' obligation to the guaranty fund represented by his $2,100 note, and that he did on January 19, 1924, apply the amount due Theous by the guaranty fund to the payment of the amount Tneous owed the guaranty fund, which application was prior to the assignment held by appellees.

The cause was tried before the court without the aid of a jury, and judgment was rendered for appellees in the sum of $1,800, with an order that same be paid out of the depositors' guaranty fund of the state of Texas. The appellant excepted to the judgment and gave notice of appeal, and the cause is now before this court for review.

By first proposition it is insisted that the appellant as statutory receiver of the First State Bank of Eastland, having in his possession the note executed by Theous to the Security State Bank & Trust Company of Eastland, indorsed in blank by the latter without date, was and is the legal holder and owner thereof within the provision of the Uniform Negotiable Instrument Act (article 6001, par. 191, Vernon's Annotated Civil Statutes, Supplement of 1922).

The trial court filed conclusions of fact as follows:

"(1) I find that Sam K. Wasaff and Miltin T. Lyman, the plaintiffs herein, are copartners, under the firm name and style of Wasaff & Lyman, with their offices and principal place of business in the city of Ranger, county of Eastland, state of Texas.

"(2) I find that on or about the 19th day of January, A. D. 1924, J. L. Chapman was the commissioner of banking of the state of Texas, and on said date, viz. the 19th day of January, A. D. 1924, after an examination of the affairs of the First State Bank, a state banking corporation of Eastland, Eastland county, Tex., which was duly organized under the banking

laws of the state of Texas, declared the said First State Bank hereinabove mentioned insolvent and took charge of said defunct bank.

"(3) I find that J. L. Chapman has been succeeded in office as commissioner of banking of the state of Texas by Chas. O. Austin, the defendant in this cause of action.

"(4) I find that on the 19th day of January, A. D. 1924, the date upon which the said First State Bank, a banking corporation, was declared insolvent and taken over by the commissioner of banking of the state of Texas, one Peter G. Theous had a general, noninterest-bearing deposit in the said First State Bank in the sum of $1,800.56; that said amount was merely a checking account, unsecured, noninterest-bearing, and unprotected, save and except by the depositors' guaranty fund as prescribed by the law, of which provision of the law the said First State Bank availed itself of prior to the time said bank became insolvent and before its affairs were taken over by the commissioner of banking.

"(5) I find that the said First State Bank, prior to the time it became insolvent, complied with all the provisions of the statutes necessary in order to protect its general unsecured depositors under the depositors' guaranty fund, and all requisites to accomplish this were followed out in accordance with the directions of the statutes of the state of Texas as in such cases provided, and said deposit of the said Peter G. Theous, viz. in the sum of $1,800.56, at the time of the closing of said First State Bank, came within the purview and protection of the depositors' guaranty fund.·

"(6) I find that the defendant, commissioner of banking, and his predecessors in office failed to comply with article 463 of the Revised Statutes wherein it is made the duty of the commissioner of banking to cause notice to be given, by advertisement in such newspapers as he may direct, weekly, for three consecutive months, calling on all persons who may have claims against such state bank to present same to the commissioner, and make legal proof thereof, at a place designated in such notice within 90 days after the date of the first insertion of such published notice, which notice shall contain a statement in larger type than that in which the body of such notice is printed, specifically stating that all such claims of guaranteed depositors must be presented and legal proof thereof made at the place designated within 90 days after the date of the first insertion of such published notice, etc.; that the said defendant and his predecessor in office totally failed to comply with this article and wholly failed to give the required notice by publication as in said article provided.

"(7) I find that on or about the 29th day of August, A. D. 1924, the said Peter G. Theous, for a valuable consideration, did make, execute, and deliver, in writing an assignment of $900 of the said $1,800.56 heretofore set out to the plaintiffs Wasaff and Lyman herein, which said assignment is now of record in the office of the county clerk of Eastland county, Tex., a copy of which said assignment was duly served on the then commissioner of banking of the state of Texas, viz. J. L. Chapman, the present predecessor of this defendant, viz. Chas. O. Austin.

"(8) I find that on or about the 29th day of August, A. D. 1924, the said Peter G. Theous, for a valuable consideration did make, execute, and deliver in writing, an assignment of $900 of the said $1,800.56 heretofore set out, to one Jim George, which said assignment is now of record in the office of the county clerk of Eastland county, Tex., a copy of which said assignment was duly served on the then commissioner of banking of the state of Texas, viz. J. L. Chapman, the present predecessor of this defendant, viz. Chas. O. Austin, and that all rights under this were subsequently assigned by the said Jim George to Sam K. Wasaff, one of the plaintiffs herein.

"(9) I find that the firm of Wasaff & Lyman, the plaintiffs herein, are the legal owners and holders by virtue of said assignments to the sum of $1,800 of the amount the said Peter G. Theous had on deposit with the First State Bank of Eastland, Eastland county, Tex.

"(10) I find that plaintiffs Wasaff and Lyman made demand on the said defendant, Chas. O. Austin, commissioner of banking, for the said sum of $1,800, but said defendant refused to pay the same or any part thereof.

"(11) I find that Peter G. Theous was not indebted to the First State Bank of Eastland, Eastland county, Tex., in any sum.

"(12) I find that Peter G. Theous was not insolvent at the time he made the divers assignments above mentioned, and the defendant failed to prove insolvency on the part of Peter G. Theous."

The trial court filed conclusions of law:

"(1) That the First State Bank, defunct, of Eastland, Eastland county, Tex., was legally taken over by the commissioner of banking of the state of Texas.

"(2) That the First State Bank, defunct, protected its general depositors under the depositors' guaranty fund of the state of Texas.

"(3) That the sum of $1,800.56, which was on deposit in the name of Peter G. Theous at the time of the closing of said First State Bank of Eastland, Eastland county, Tex., was protected by the depositors' guaranty fund.

"(4) That said Peter G. Theous had the right as a matter of law to assign his deposits to the plaintiffs Wasaff and Lyman, and said Wasaff and Lyman, plaintiffs herein, are as a matter of law the present legal owners thereof, viz. in the sum of $1,800.

"(5) That the note held by the defendant, Chas. O. Austin, in the sum of $2,100, and payable to the Security State Bank & Trust Company, and signed by T. Stamos and P. G. Theous could not as a matter of law be pleaded as a set-off, in that it was not a mutual demand, accrued in different rights and not between the same parties; it not appearing from the evidence that Peter G. Theous was insolvent at the time.

"(6) And said plaintiffs are entitled to recover the sum of $1,800 from defendant, Chas. O. Austin."

There was introduced in evidence a note for $2,100, payable to the Security State Bank & Trust Company, of Eastland, Tex., or order, bearing 10 per cent. interest from maturity; said note providing for waiver of presentment payment, protest, notice of pro-

test, and diligence in bringing suit against any party thereto, and consenting for the time of payment by extension without notice, providing for 20 per cent. attorney's fees, and signed by T. Stamos and P. G. Theous. The note was indorsed on the back;

"Security State Bank & Trust Company, of Eastland, Tex., by J. R. Burnett, Special Agent. Credit January 29, 1924, $1,800.56. P. G. Theous. Balance First State Bank of Eastland, Tex."

[1] The relation of the bank in this case and its depositor Theous is simply one of debtor and creditor, and, of course, in settlement of respective rights and demands, the bank would be permitted to set off any debt of the depositor against the claim of the depositor against the bank. Beatty-Folsom Co. v. Edwards (Tex. Civ. App.) 238 S. W. 341.

[2] The receiver in this case takes the estate of the insolvent bank as he finds it, and succeeds to all the rights the insolvent bank had at the time of the adjudication of the insolvency. Briscoe v. Hamer, 50 Okl. 281, 150 P. 1101.

[3] If appellant, as receiver of First State Bank, was in possession of the Theous note, there can be no challenge of the authority to appropriate the deposit and credit same upon the note. Wallace v. Estill County Deposit Bank (Ky.) 116 S. W. 351.

It follows, if Theous was indebted to the bank in the amount of the note executed by him, and which was overdue, that the bank and its statutory receiver had the right to apply the deposit with bank, in discharge of the note. Beatty-Folsom Co. v. Edwards (Tex. Civ. App.) 238 S. W. 341; First Nat. Bank v. Mangum (Tex. Civ. App.) 194 S. W. 649; 7 Corpus Juris, 653, par. 351 (84); Steelman v. Atchley, 98 Ark. 294, 135 S. W. 902, 32 L. R. A. (N. S.) 1060.

It is insisted by appellees that the appellant in this case by its pleadings seeks to offset a purported note of appellee's assignor to some other bank of which appellant was statutory receiver. In the first place, the record is silent as to whether or not this note ever belonged to the First State Bank of Eastland, but the pleadings would indicate that the banking commissioner was making a collection for the guaranty fund, that this note was held by the guaranty fund growing out of the failure of the Security State Bank & Trust Company, and that, the First State Bank of Eastland having failed and the guaranty fund being indebted to this depositor for the amount of said deposit, the commissioner, on account of his relation and duties in respect to the guaranty fund, undertook to credit this indebtedness to the guaranty fund by applying deposit to the note possessed by the said guaranty fund.

[4] The banking commissioner of the state of Texas by law becomes the receiver and custodian of the affairs and assets of defunct banks. Among the duties of the commissioner is to use all legal means to enforce collections of indebtedness of failed banks, in order to discharge the contracts and liabilities of the banks, and thus in a measure aid and support the guaranty fund in discharging the guaranty deposit promise of law. Lion Bonding & Surety Co. v. Austin, Com'r (Tex. Civ. App.) 208 S. W. 542.

[5] It would follow, therefore, that the banking commissioner holding this note for the use and benefit of the guaranty fund would have the right, and it was his plain duty, to collect same, and, if the guaranty fund by reason of some other contract became indebted to Theous, it was his duty and privilege to apply offsets and strike a balance as was done in this case.

[6] It is insisted by commissioner that, the indorsement being in blank, same specifies no indorsee, and an indorsement so indorsed as in this case is payable to bearer and may be negotiated by delivery. Article 6001, § 33, provides that an indorsement may be either special or in blank, and it may also be restricted, qualified, or conditional. Article 6001, § 34, provides that a special indorsement specifies the person to whom or to whose order the instrument is payable, and the indorsement of such indorsee is necessary to the further negotiation of the instrument. Article 6001, § 191, reads:

" 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof."

[7] This note introduced in evidence was indorsed in blank by the Security State Bank & Trust Company, the payee therein. The legal effect of the indorsement in blank was to make it payable to bearer and permit its negotiation by delivery. This record shows that it was in the possession of the commissioner, and legal presumption is irresistible that it was the property of the First State Bank with all the rights of ownership unimpeached. Ford v. Smith (Tex. Civ. App.) 274 S. W. 166; Neyland v. Lanier (Tex. Civ. App.) 273 S. W. 1022.

[8] If the receiver had the legal right to so appropriate the deposit and credit same on the note, the right having been exercised in January, 1924, long prior to the assignment to appellees, no fund existed to assign, and no cause of action would exist in this case.

To the first three conclusions of law announced by the court we agree and concur. We cannot approve as a whole conclusions 4, 5, and 6, but find that the appellees are not entitled to recover under any phase of the case. If the banking commissioner, as presumption would indicate, was the owner and holder of the note for the First State Bank of Eastland, at the time the deposit was credited on note, then there can be no question in our mind, not only of the right, but the duty to so appropriate and credit the deposit. On the other hand, as the pleadings at least

indicate, if the banking commissioner was the owner and holder of said note for the use and benefit of the guaranty fund, and the guaranty fund was indebted to this depositor by reason of the failure of the Security State Bank & Trust Company, the same duty imposed upon the commissioner to make the collection for the guaranty fund as it did for the First State Bank. and, if the collection was made in that manner, procedure, and capacity, we must give our legal sanction and approval.

This, we believe, disposes of the real issues in the case, and it is the order of this court that the judgment of the trial court should be reversed, and judgment here rendered for appellants.

## On Motion for Rehearing.

[9] We believe in the opinion rendering this case we disposed of all the assignments and discussed those we believe material and really involving the legal questions. The appellee insists, however, that by reason of the fact the statutes of the state of Texas are silent as to any authority of the commissioner to apply an offset as in this case; that the absence of any such provision for authority abridges the right to so exercise it.

Under article 449, R. S. 1925, the state is given a prior lien for the benefit of the depository guaranty fund upon all of the assets and upon all of the liabilities owing or accruing to a bank or trust company.

It seems more convincing that our position is correct, that the commissioner had authority to credit the deposit of Theous in the First State Bank of Eastland to the credit of his note owing to the defunct Security State Bank & Trust Company of Eastland, Tex., which note was in the possession of the commissioner by reason of the failure of the bank and the lien afforded by law.

It follows that the commissioner, as a holder of the note as stated in the original opinion, and as a lienholder in possession having the same for collection as commissioner for the use and benefit of the guaranty fund, had the right to apply the indebtedness of the guaranty fund to Theous to the note.

[10] Appellee also insists that we erred in overruling and failing to sustain his cross-assignment of error No. 1, wherein he complains of the admission in evidence over objection the purported note of Peter Theous and T. Stamos, in favor of the Security State Bank & Trust Company in the sum of $2,100.

We do not see how there could be any error in the admission of the note. The commissioner had pleaded the note, and evidence had shown that he had applied the deposit to the note, and it was incumbent upon the commissioner to show the debt in order to justify the act of applying the deposit to the payment of same.

To say that the commissioner holding an indebtedness for the guaranty fund of an insolvent creditor of a defunct bank would not have the legal right to make collection of a debt as in the case at bar would to our mind be an outrage of the law and an insult to that justness and fairness which usually has the sanction of the law.

The motion for rehearing will therefore be overruled.