**FARMERS' & MERCHANTS' NAT. BANK OF ABILENE v. HALL et al.**

**No. 4208.**

Court of Civil Appeals of Texas. Amarillo.

April 23, 1934.

W. D. Wilson, of Lubbock, for appellants.

Glover Engledow, of Clairemont, for appellees.

MARTIN, Justice.

Appellant filed suit against appellee J. F. Hall, in the justice court of Kent county on a promissory note in the sum of $125 and for a foreclosure of lien upon personal property particularly described in chattel mortgage given to secure said note. One C. L. Osman intervened and claimed title and ownership of said note. From an adverse judgment appellant appealed to the county court of Kent county. Judgment was again rendered in favor of C. L. Osman on his claim of title and ownership of the note, from which this appeal is prosecuted.

The facts are undisputed, and briefly, in substance, are: The note in question was originally given by J. F. Hall to the First National Bank of Jayton, which in turn transferred and indorsed it as collateral to ap-

pellant. Hall, desiring to borrow money from the government, approached M. S. Sandell, president of the First National Bank of Jayton, and told him the intervener, Osman, wanted to buy the note. Osman was told by Sandell that Hall's note was up as collateral at appellant bank and that it would be necessary for him to send the money to said bank and secure a return of the note to Jayton, when he would cancel the bank's indorsement thereon and indorse said note without recourse to the intervener, Osman. That Osman gave him his check for the amount of this note and another, and at the time Sandell thought his bank had sufficient funds on deposit with appellant to pay for said note, but that, when he checked up that night, he found that said bank did not have sufficient funds to pay same and that no money was ever sent to appellant and that about two or three days thereafter the bank examiner took charge of the said First National Bank of Jayton and closed same. That intervener Osman's check was never charged up to his account on the books of the First National Bank, but was left in the bank and was there when the examiner took charge of said bank. That Osman filed his claim for the full amount of his deposit, without any allowance for the amount of the check given for the note in question. It further appears that, after the execution and delivery to him by intervener of said check and at the request of intervener, Sandell signed a waiver of that part of the said mortgage held by the Jayton Bank on the 1932 crop of defendant so he could secure a federal loan thereon.

█ The case was submitted to the jury upon the following two special issues: ·

"Special Issue No. 1. Did M. S. Sandell sell the note involved in this suit to intervener O. L. Osman? Answer yes or no. Answer 'Yes.'

"If you have answered the foregoing special issue in the affirmative, then you will answer the following:

"Special Issue No. 2. Did M. S. Sandell have authority to bind the Farmers' & Merchants' National Bank in the sale of the note involved in this suit, if you find that the same was sold? Answer yes or no. Answer 'Yes.'"

We sustain appellant's assignments which question the sufficiency of the evidence to sustain the two quoted special issues. There was not in our opinion any evidence justifying the submission of either to the jury. .

The evidence goes no further than to show a promise by Sandell to send the money to appellant and procure possession of the note in controversy, when same would then be delivered. No money was ever sent. The check given Sandell remained in the Jayton bank and was never charged to intervener's account. Appellant apparently never heard of the transaction. It never received, and appellee never paid, any consideration for the note in question. The note was never "negotiated," which means a transfer of negotiable paper by indorsement and delivery. Shaw v. Merchants' National Bank, 101 U. S. 557, 25 L. Ed. 892; 5 Words & Phrases, First Series, page 4772. See, also, article 5934, R. S. 1925; Ford v. Smith (Tex. Civ. App.) 274 S. W. 166; Commercial Acceptance Trust v. Parmer (Tex. Civ. App.) 241 S. W. 586.

█ Aside from inferences to be drawn from certain acts of Sandell not shown to be known to appellant, there is no proof whatever of his authority to negotiate the note in question. Agency may not be thus established by proof of the hearsay acts and declarations of the pretended agent. 2 Tex. Jur. pp. 534–536. Under our view, the proper inference from the evidence is that Sandell acted as the agent of intervener and Hall.

█ The maker admitted liability, and appellant, though a collateral holder, was entitled to judgment for the full amount of the note. 6 Tex. Jur. 1019; Wright v. Hardie, 88 Tex. 653, 32 S. W. 885; Russell v. People's National Bank (Tex. Civ. App.) 2 S.W.(2d) 961.

The facts appear to have been fully developed. Judgment is reversed and here rendered in favor of appellant for the amount of its note and foreclosure of its lien against all property described in its chattel mortgage, as prayed for.

Reversed and rendered.